UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:03-CR-38-TS |
| | ) | |
| TARA KRISTINE FOWLER | ) | |

**ORDER & OPINION**

This matter comes before the Court on the Defendant's fifth post-judgment letter to the Court, filed on August 20, 2007 (DE 144), requesting the appointment of a public defender. For the reasons stated below, the Defendant's request is DENIED.

**BACKGROUND**

On August 28, 2006, the Defendant pleaded guilty to Count 6 of the Indictment for trafficking in counterfeit goods and services in violation of 18 U.S.C. § 2320. The transcript of the proceeding reflects the following exchanges between the Defendant and the Court.

> THE COURT: I want you to understand that this charge in Count Six, to which you intend to plead guilty, includes the following three elements:
> First, that you intentionally attempted to traffic in these goods.
> Secondly, that you knowingly used counterfeit marks on or in connection with such goods in this case, the Microsoft Corporate Logo.
> And third, that the use of such goods was likely to cause confusion to cause mistake [sic] or to deceive.
> Do you understand that these are the legal elements of this charge?
>
> THE DEFENDANT: Yes, I do.

(Guilty Plea Hr'g Tr. 10:6–10:18.)

> THE COURT: Do you also understand, under some circumstances, you or the government may have the right to appeal any sentence that I impose?
>
> THE DEFENDANT: Yes.
>
> THE COURT: However, that right can be waived. Do you understand that by entering

>into a plea agreement with the government, this plea agreement with the government, and entering a plea of guilty, you are agreeing to waive or give up your right to appeal or collaterally attack all or part of the sentence?
>
>THE DEFENDANT: Yes, Your Honor.

(Guilty Plea Hr'g Tr. 12:14–12:23.)

>THE COURT: Now that waiver of your right to appeal is contained in paragraph 12(f) of your plea agreement. Do you have the plea agreement in front of you?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Now, do you understand that if the Court does not accept the sentencing recommendation in your plea agreement, or that if the sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it?
>
>THE DEFENDANT: Yes, Your Honor.

(Guilty Plea Hr'g Tr. 13:10–13:15.)

>THE COURT: Do you also understand that as part of paragraph 12(f) on page 8 of your plea agreement that you are also agreeing to waive any appeal or contest your conviction or sentence, that includes any order for restitution?
>
>THE DEFENDANT: Yes, Your Honor.

(Guilty Plea Hr'g Tr. 15:7–15:11.)

>THE COURT: Ms. Jinnings, would you please summarize for me your understanding of the essential terms of this plea agreement. That is, in exchange for you pleading guilty to Count Six of the Indictment, what do you understand the government has agreed to do for you?
>
>THE DEFENDANT: I will receive a two-level reduction in the calculation of my offense level. If my offense level is greater than 16, I will receive the three-point reduction in the calculation of my offense level. The government will recommend that I be sentenced to the low end of the sentencing guidelines. At my sentencing hearing, the government will move that Counts Two, Three, Four and Five be dropped. I will enter a plea of guilty on Count Six. I agree that the amount of loss is more than 200,000 and less than 400,000. I agree to make restitution in any amount to be determined by this Court.
>     I also promise that I will continue to cooperate with the government in the investigation of prosecution – prosecution of this matter. I will not seek anymore – anymore discovery material. I will not appeal my sentence and conviction. I agree to

>forfeit all (Unintelligible) goods confiscated by the government in the search of my residence and pole barn, which was located in DeKalb County, Indiana.

(Guilty Plea Hr'g Tr. 14:9–15:6.)

>THE COURT: Has anyone made any promise to you, other than what's contained in this written plea agreement, that has induced you to plead guilty in this matter?
>
>THE DEFENDANT: No, Your Honor.
>
>THE COURT: Has your lawyer or anyone made any predictions or promises or guarantees to you about the sentence that you may receive?
>
>THE DEFENDANT: No, Your Honor.

(Guilty Plea Hr'g Tr. 15:25–16:7.)

>THE COURT: Tell me in your own words now, Ms. Jinnings, what did you do in connection with this charge in Count Six?
>
>THE DEFENDANT: I had in my possession the, on Count Six, they were in my pole barn. I knew the goods were not authentic from my suppliers. I knew that the Microsoft logos or the Microsoft look-a-likes would confuse people in thinking the products were genuine and I was going to traffic in these products.

(Guilty Plea Hr'g Tr. 18:10–18:18.)

>The signed plea agreement included the following provision:
>
>[D]efendant expressly waives her right to appeal or to contest her conviction and her sentence *and any restitution order imposed* or the manner in which her conviction or her sentence *or the restitution order* was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under 18 U.S.C. § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255.

(Plea Agreement 8, DE 119) (emphasis in original). After consideration of a presentence investigation report, the Court sentenced the Defendant to 21 months imprisonment, 3 years supervised release, a $100.00 special assessment, and restitution of $129,613.00. Judgment was entered on December 20, 2006.

3

Since judgment was entered, the Defendant has sent several letters to the Court, although it is not clear from the letters precisely what relief the Defendant is requesting. On January 30, 2007, the Court received a letter from the Defendant indicating that she feels that her appointed counsel should have done a better job in pursuing medical records that she believes would have warranted a downward departure in her sentence (DE 137). The Defendant also lamented the stress that her imprisonment placed on her family, and she added that "[t]here are a lot of things I want to say – but this plea takes away my appeal rights . . . ." On February 6, 2007, the Court granted the Defendant's motion to supplement the record with the medical records that she referred to in her January 30, 2007, letter (DE 138).

On March 26, 2007, the Court received two letters from the Defendant (DE 139 & DE 140). The first letter claimed that her appointed counsel lied to her about the length of her imprisonment, telling her that she would be serving only five months. The letter also claimed that she was not receiving physical therapy, complained about the amount of restitution garnished by the prison, inquired as to whether she would receive a downward departure in her sentence, and requested the appointment of a public defender. The second March 26 letter requested new counsel because the Defendant wanted "to go home on home detention for the rest of [her] sentence."

The Defendant's fourth letter to the Court was filed on July 24, 2007 (DE 143). This letter informed the Court that the Defendant had been "released from Prison and [was] requesting a Public Defender . . . ." The Defendant asserted in this letter that "there are a lot of un-resolved issues revolving around the day in Court. Please appoint a Defender so this can be resolved." The Defendant does not indicate what exactly those issues are that need to be

4

resolved, or under what authority she is entitled to the appointment of counsel. She does however address the facts underlying her conviction. She denies that she knew the software she sold was counterfeit. She also claims that her appointed counsel promised her that she would go home the day of the sentencing (although a letter from her lawyer attached to the August 20, 2007, letter to the Court indicates the contrary). She concludes by complaining about the amount of restitution ordered. The final letter from the Defendant was filed with Court on August 20, 2007 (DE 144). The letter again requests the appointment of a public defender. In the letter the Defendant states, "[t]o this date I contend that I am not responsible for selling counterfeit software. I was not aware of it, like many I listened to my attorney, in which he was NOT doing what he stated to not only myself but my family."

## ANALYSIS

The Defendant is no longer incarcerated, but she remains on supervised release. Her letters to the Court indicate that she now denies her guilt and contests her sentence. "[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007). A motion for habeas relief is not moot simply because a defendant has been released from prison if the motion can affect the term of supervised release. *See Toney v. Franzen*, 687 F.2d 1016, 1021 n.4 (7th Cir. 1982) (While the petitioner had been released on parole, "[t]he case is not moot because collateral legal consequences yet flow from the determination of petitioner's mandatory supervised release date. . . . The duration of petitioner's parole term will necessarily be affected."); *see also White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001) ("parole is a

form of custody"). The Defendant acknowledges in her January 30, 2007, letter that her "plea takes away [her] appeal rights." The Court therefore construes her most recent letter as a request for appointed counsel to collaterally attack her conviction and sentence under 28 U.S.C. § 2255.[1]

Under federal law, a person has no right to appointed counsel at the post-conviction stage. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). A collateral proceeding for post-conviction relief is "an independent civil suit for which there is no constitutional right to appointment of counsel." While there is no right to appointed counsel at the post-conviction stage, the Criminal Justice Act does give federal courts the discretion to appoint counsel for 28 U.S.C. § 2255 challenges if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In exercising this discretion, district courts must weigh five factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

The Seventh Circuit "settled long ago that waiving or foregoing a direct appeal bars collateral attack on the basis of most issues, even many constitutional issues, that could have been raised on direct appeal." *United States v. Lane*, 267 F.3d 715, 721 (7th Cir. 2001) (citing *Johnson v. United States*, 838 F.2d 201, 202 (7th Cir. 1988)). A waiver of appellate rights and the right to collaterally attack a conviction and sentence as part of a plea agreement will be upheld if the terms of the waiver are clear and unambiguous and the entry into the agreement is

---

[1] To be clear, the Court is not construing the letter as a § 2255 motion, but rather as a request for appointed counsel so that the Defendant can pursue a § 2255 motion in the future.

6

knowing and voluntary. *See United States v. Jemison*, 237 F.3d 911, 916–17 (7th Cir. 2001) (citing *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999)). "A waiver of appeal even in a criminal case is normally valid and binding . . . ." *United States v. Mason*, 343 F.3d 893, 893 (7th Cir. 2003). "When a defendant violates a plea agreement by appealing despite a promise not to do so, the prosecutor may withdraw concessions made as part of the bargain." *Nunez v. United States*, 495 F.3d 544, 548 (7th Cir. 2007). The same is true when a defendant collaterally attacks a conviction or sentence after agreeing not to.

The Defendant has not filed a separate § 2255 motion. She may do so, and again request counsel, but at this point, the Court will not appoint counsel for her. Without prejudging the issue, the Court does believe it is worth emphasizing to the Defendant that if she persists in her denial of guilt and decides to collaterally attack her conviction or her sentence, she may be in violation of the terms of her plea agreement with the government.

Notwithstanding the Court's concern that the pursuit of a collateral attack may be contrary to the Defendant's best interests, the Court finds that the *Wilson v. Duckworth* factors weigh in favor of denying the Defendant's request for the appointment of counsel. First, the merits of her claim are not colorable. As the transcript from her change of plea hearing makes clear, the Defendant confessed to all the elements of the charged offense, confirmed that she understood that she was giving up her rights to appeal or collaterally attack the conviction or sentence, as well as any restitution order imposed, and she told the Court, under oath, that no promises had been made to her with regard to her sentence.

The Defendant does not indicate that appointed counsel is necessary to investigate crucial facts. Since the Defendant's factual complaints deal primarily with the relationship between

herself and her previously appointed counsel, she is aware of all the necessary facts for any claim she wishes to make. For the same reason, the appointment of counsel would not make it any more likely that the truth will be exposed.

Finally, because the Defendant does not clearly explain why she wants appointed counsel, other than because she is generally unhappy with her conviction and sentence, it is difficult to determine her capability to present her case or to determine the complexity of the legal issues raised by her complaints. However, the clarity with which the Defendant conveyed her understanding that she was waiving her rights to challenge her conviction or sentence make it highly unlikely that the waiver was invalid. As such, the Court will not appoint counsel at this time.

## CONCLUSION

While the Court has construed the Defendant's letters as a request for appointed counsel to collaterally attack her conviction or sentence, it may be that the Defendant is really just concerned with the disciplinary proceedings that she has initiated with the Indiana Supreme Court Disciplinary Commission. If that is the case, the Defendant should be advised that this Court lacks the authority to appoint counsel to represent her before the disciplinary commission. Any such requests must instead be made directly to the disciplinary commission.

## ORDER

For the reasons stated in this opinion, the Defendant's letter (DE 144) is construed as a motion requesting counsel to collaterally attack her conviction or sentence, and that request is DENIED.

SO ORDERED on October 16, 2007.

                                                         s/ Theresa L. Springmann
                                                        THERESA L. SPRINGMANN
                                                        UNITED STATES DISTRICT COURT
                                                        FORT WAYNE DIVISION