**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:03-CR-38-TS |
| | ) | |
| TARA KRISTINE FOWLER | ) | |

**OPINION & ORDER**

This case is before the Court on the Defendant's Motion for Reduction [DE 146], filed on January 7, 2008, and Motion for Removal of Interest [DE 147], filed on January 18, 2008. The government responded to the Motion for Reduction on January 23, 2008, and the Motion for Removal of Interest on January 29, 2008. The Defendant did not reply to either response, and the motions are ripe for ruling.

**BACKGROUND**

On August 28, 2006, the Defendant pled guilty to Count 6 of the Indictment for trafficking in counterfeit goods and services in violation of 18 U.S.C. § 2320. The transcript of the proceeding reflects the following exchanges between the Defendant and the Court.

> THE COURT: I want you to understand that this charge in Count Six, to which you intend to plead guilty, includes the following three elements:
> First, that you intentionally attempted to traffic in these goods.
> Secondly, that you knowingly used counterfeit marks on or in connection with such goods in this case, the Microsoft Corporate Logo.
> And third, that the use of such goods was likely to cause confusion to cause mistake or to deceive.
> Do you understand that these are the legal elements of this charge?
>
> THE DEFENDANT: Yes, I do.

(Guilty Plea Hr'g Tr. 10:6–10:18.)

> THE COURT: Do you also understand, under some circumstances, you or the

>government may have the right to appeal any sentence that I impose?
>
>THE DEFENDANT: Yes.
>
>THE COURT: However, that right can be waived. Do you understand that by entering into a plea agreement with the government, this plea agreement with the government, and entering a plea of guilty, you are agreeing to waive or give up your right to appeal or collaterally attack all or part of the sentence?
>
>THE DEFENDANT: Yes, Your Honor.

(Guilty Plea Hr'g Tr. 12:14–12:23.)

>THE COURT: Now that waiver of your right to appeal is contained in paragraph 12(f) of your plea agreement. Do you have the plea agreement in front of you?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: Now, do you understand that if the Court does not accept the sentencing recommendation in your plea agreement, or that if the sentence is more severe than you expected, you will still be bound by your plea and will have no right to withdraw it?
>
>THE DEFENDANT: Yes, Your Honor.

(Guilty Plea Hr'g Tr. 13:10–13:15.)

>THE COURT: Do you also understand that as part of paragraph 12(f) on page 8 of your plea agreement that you are also agreeing to waive any appeal or contest your conviction or sentence, that includes any order for restitution?
>
>THE DEFENDANT: Yes, Your Honor.

(Guilty Plea Hr'g Tr. 15:7–15:11.)

>THE COURT: Ms. Jinnings, would you please summarize for me your understanding of the essential terms of this plea agreement. That is, in exchange for you pleading guilty to Count Six of the Indictment, what do you understand the government has agreed to do for you?
>
>THE DEFENDANT: I will receive a two-level reduction in the calculation of my offense level. If my offense level is greater than 16, I will receive the three-point reduction in the calculation of my offense level. The government will recommend that I be sentenced to the low end of the sentencing guidelines. At my sentencing hearing, the government will move that Counts Two, Three, Four and Five be dropped. I will enter a plea of guilty on

>Count Six. I agree that the amount of loss is more than 200,000 and less than 400,000. I agree to make restitution in any amount to be determined by this Court.
>
>>I also promise that I will continue to cooperate with the government in the investigation of prosecution – prosecution of this matter. I will not seek anymore – anymore discovery material. I will not appeal my sentence and conviction. I agree to forfeit all (Unintelligible) goods confiscated by the government in the search of my residence and pole barn, which was located in DeKalb County, Indiana.

(Guilty Plea Hr'g Tr. 14:9–15:6.)

>THE COURT: Has anyone made any promise to you, other than what's contained in this written plea agreement, that has induced you to plead guilty in this matter?
>
>THE DEFENDANT: No, Your Honor.
>
>THE COURT: Has your lawyer or anyone made any predictions or promises or guarantees to you about the sentence that you may receive?
>
>THE DEFENDANT: No, Your Honor.

(Guilty Plea Hr'g Tr. 15:25–16:7.)

>THE COURT: Tell me in your own words now, Ms. Jinnings, what did you do in connection with this charge in Count Six?
>
>THE DEFENDANT: I had in my possession the, on Count Six, they were in my pole barn. I knew the goods were not authentic from my suppliers. I knew that the Microsoft logos or the Microsoft look-a-likes would confuse people in thinking the products were genuine and I was going to traffic in these products.

(Guilty Plea Hr'g Tr. 18:10–18:18.)

>The signed plea agreement included the following provision:
>
>[D]efendant expressly waives her right to appeal or to contest her conviction and her sentence *and any restitution order imposed* or the manner in which her conviction or her sentence *or the restitution order* was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under 18 U.S.C. § 3742 or any post-conviction proceeding, including but not limited to, a proceeding under 28 U.S.C. § 2255.

(Plea Agreement 8, DE 119) (emphasis in original). After consideration of a presentence

3

investigation report, the Court sentenced the Defendant to 21 months imprisonment, 3 years supervised release, a $100.00 special assessment, and restitution of $129,613.00. Judgment was entered on December 20, 2006.

The Defendant's Motion for Reduction requests "[j]udgment be reduced and interest be removed." (Mot. for Reduction 2, DE 146.) The Defendant also denies her guilt in the motion, claiming "Defendant was unaware that the product was counterfeit" until "criminal charges were brought against her." (*Id.* at 1–2.) The Motion for Removal of Interest requests that "all interest be removed from Judgment that the Prosecution has added." (Mot. for Removal of Interest 1, DE 147.) The Motion for Removal of Interest does not discuss the underlying facts of the criminal prosecution and instead simply alleges that the Court's judgment for restitution did not call for interest and the prosecution has added interest to the Defendant's outstanding balance.

## ANALYSIS

"District courts have limited power to revisit sentences after they are imposed. Once a Court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (citation omitted). This Court can only modify or correct the Defendant's sentence pursuant to 18 U.S.C. § 3582 or Federal Rule of Criminal Procedure 35.

The Court can modify a sentence under 18 U.S.C. § 3582 in only two circumstances: (1) upon the motion of the Director of the Bureau of Prisons if certain conditions are satisfied, 18 U.S.C. § 3582 (c)(1)(A); (2) if the Defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Director

4

of the Bureau of Prisons has not moved for a sentence modification and the Defendant was not sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Therefore, 18 U.S.C. § 3582 does not grant the Court jurisdiction to modify the Defendant's sentence.

Federal Rule of Criminal Procedure 35 provides additional bases for modifying a defendant's sentence. A sentence may be modified within seven days of the sentencing to correct an arithmetical, technical, or other clear error. Fed. R. Crim. P. 35(a). Upon the government's motion, a court can modify a sentence if the defendant provides substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). The Defendant's motion was filed well over seven days after her sentencing, and the government has not requested a modification of the sentence. Federal Rule of Criminal Procedure 35 does not provide any basis for modifying the Defendant's sentence.

The Court ordered the Defendant to pay twenty dollars per month towards the restitution amount she owes. (Judgment 6, DE 135.) The Court's order of restitution in the amount of $129,613 "is a lien in favor of the United States on all property and rights to property" of the Defendant, and it continues until the later of "20 years or until the liability is satisfied, remitted, set aside, or is terminated," or upon the death of the Defendant. 18 U.S.C. § 3613(c). Additionally, the Defendant must "pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." 18 U.S.C. § 3612(f)(1). The Court has the discretion to waive the interest requirement, limit the interest, or limit the length of the period during which interest accrues, only if the Court determines that the Defendant does not have the ability to pay interest. 18 U.S.C. § 3612(f)(3).

The interest on the Defendant's restitution is statutorily mandated in this case, and it is of no consequence that the judgment does not specifically reference the interest. The Defendant's statement that she is having "financial difficulties," (Mot. for Reduction 2, DE 146), is not enough to show that the Defendant does not have the ability to pay interest, nor is the Court inclined to exercise its discretion to modify the interest requirement in this case.

**ORDER**

For the foregoing reasons, the Defendant's Motion for Reduction [DE 146] and Motion for Removal of Interest [DE 147] are DENIED.

SO ORDERED on February 20, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT